REXACH ET AL., DEMANDANTES Y APELADOS, *v.* COMISIÓN DE
INDEMNIZACIONES A OBREROS, DEMANDADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan,
Sección Segunda, en recurso de *certiorari.*

No. 2552.—Resuelto en julio 14, 1922.

APELACIÓN CONTRA RESOLUCIONES DE LA COMISIÓN DE INDEMNIZACIONES A OBRE-
ROS—JURISDICCIÓN—SENTENCIA NULA.—Es nula por falta de jurisdicción la
resolución dictada en un recurso de *certiorari* contra resolución de la Comi-
sión de Indemnizaciones a Obreros interpuesto después de transcurridos
quince días contados a partir de la notificación de la decisión impugnada.

ID.—RECONSIDERACIÓN DE SENTENCIAS — TÉRMINO PARA APELAR. — Cuando el tér-
mino dentro del cual debe interponerse la apelación ha vencido, el derecho
a apelar no podrá ser revalidado por la radicación de una moción de recon-
sideración con el solo objeto de revivir cuestiones resueltas por sentencia
definitiva. El derecho de solicitar una reconsideración no es concedido por
el estatuto sino una cuestión de gracia que depende grandemente de la vo-
luntad de la corte para corregir cualquier error cometido por inadvertencia.
Si la parte derrotada desea invocar la gracia de la corte con el fin de que
su caso pueda ser revisado de nuevo en cuanto a determinados puntos, ella
debe considerar que al hacerlo así puede que se prive a sí misma del derecho
de apelación si el término dentro del cual puede establecerse tal apelación
fuere consumido durante los procedimientos sobre la petición de reconsidera-
ción. La petición de reconsideración no tiene el efecto de prorrogar el tér-
mino para apelar.

Los hechos están expresados en la opinión.

Abogados de la apelante: *Hon. Attorney General* y *Sres.
L. Samalea* y *C. Llauger.*

Abogados de los apelados: *Sres. J. Soto Rivera* y *M.
M. Ginorio.*

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del
tribunal.

El día 1º. de octubre de 1919 Salvador Sánchez, que tra-
bajaba en la colonia "Virginia," de Loíza, cortando semi-
llas de cañas para Rexach y Piñero, una sociedad agrícola
formada por José A. Rexach e Ignacio Piñero, se hirió con
su propio machete en el brazo derecho, quedando incapaci-
tado para usar la mano correspondiente a dicho brazo. In-
tervino la Comisión de Indemnizaciones a Obreros y el 23
de agosto de 1920 fijó como indemnización que debía satis-

facerse a Sánchez la suma de mil doscientos dólares, y ordenó que dicha suma se depositara en los Fondos Generales de la Comisión y se abonara al lesionado una pensión de quince dólares mensuales por espacio de ocho años. Al final de su resolución la comisión dispuso que una vez que el caso se liquidara, se procediera con arreglo al "artículo 20 de la Ley No. 10 vigente en la época del accidente, toda vez que se trata de un patrono no asegurado."

El obrero lesionado obtuvo que la resolución de la comisión fuera revisada, mediante auto de *certiorari* que interpuso para ante la corte de distrito, en el sentido de que en vez de pagársele una pensión, se le entregara la suma acordada totalmente.

Veamos cuál fué la intervención de Rexach y Piñero en el asunto. De los autos resulta que el 23 de septiembre de 1920 presentaron un escrito a la comisión, por medio de su abogado, pidiéndole "que con suspensión del término de apelación, nos conceda la revisión del caso." En dicho escrito se alegó que el Sr. Rexach, gestor de la sociedad, estaba ausente y que si bien se tenía información que se le había dirigido una carta el 2 de marzo de 1920 a Loíza, requiriendo su comparecencia, el suscribiente—el abogado de Rexach y Piñero—"tiene fuertes dudas de si tal carta llegó o no a poder del destinatario."

Con el escrito se dió cuenta a la comisión y ésta, el 24 de septiembre de 1920 acordó que pasara al ponente y se solicitara del contador un informe sobre la fecha en que los patronos se aseguraron.

Luego figura una certificación del contador creditiva de haber quedado asegurados los patronos el 19 de enero de 1921 habiendo pagado las cuotas por semestres completos comprendiendo septiembre de 1920.

El 16 de octubre de 1920 la corte de distrito resolvió el *certiorari* interpuesto por Sánchez en el sentido indicado y el 20 de octubre de 1920 al recibir la sentencia de la corte,

la comisión tomó un acuerdo que en su parte dispositiva dice:

"En vista de la anterior sentencia·y en cumplimiento de la misma, la Comisión reconsidera su resolución de agosto 23, 1920, dejándola sin efecto en su totalidad y disponiendo que el caso siga su trámite correspondiente para ser resuelto de nuevo."

Así las cosas compareció Sánchez ante la comisión y alegó que ésta carecía de jurisdicción para anular su orden de 23 de agosto de 1920 por las siguientes razones:

"A. Porque las sentencias que dicta esta Comisión, llámense decisión o resolución, son definitivas para los obreros, con excepción del único caso en que la Comisión decida que el obrero no tiene derecho a la indemnización solicitada.  (Véanse los casos de *Carrero et al.* v. *Diez y Pérez*, pág. 468, T. 27, D. P. R., y *Rodríguez* v. *Comisión de Indemnizaciones a Obreros,* resuelto en junio 22 de 1920.)

"B. Porque el obrero, sólo tiene derecho para obtener mediante solicitud de *certiorari,* la revisión de cualquier cuestión de derecho envuelta en la resolución que en algunos casos puede que tal cuestión afecte en parte o en total la resolución de la Comisión, y la sentencia de este modo dictada tiene que ser acatada por la Comisión o el obrero, según sea el caso.

"C. Porque los patronos a quienes no se le hubiese impuesto cuota de acuerdo con la ley, carecen del remedio de apelación, por lo que una resolución de la Comisión contra un patrono que se halla en estas condiciones es definitiva para él desde el momento que se dicta. (Véanse los casos anteriormente citados.)

"D. Porque al anular completamente, la Comisión, su decisión intervenida, deja por consiguiente de obedecer a la orden del tribunal que le ordena proceda a resolver de acuerdo con la ley, la única cuestión intervenida, o sea el pago de la pensión.  Porque es por demás lógico suponer que al dictar esta Comisión su decisión de agosto 23, lo hizo una vez hecho un detenido estudio de este caso, y como lo resuelto y ordenado por la corte, fué que el pago de la cantidad se hiciese al lesionado de acuerdo con la ley y no mediante una pensión, el resultado a que ha de llegar la Comisión ha de ser siempre el mismo.

"E. Y porque de aceptarse que una vez firme una sentencia de esta Comisión, intervenida además por una corte competente que

le ordena cumplir ciertos particulares con respecto a tal sentencia o resolución, pueda esta Comisión dejar sin efecto en su totalidad dicha resolución, sería sin duda sentar un precedente que daría lugar a un considerable número · de acciones, que al fin tendrían por objeto el no cumplimiento de las órdenes de los tribunales de justicia en Puerto Rico.''

La comisión entonces, el 18 de febrero de 1921, decidió lo que sigue:

''En el caso de Salvador Sánchez, 4042, la Comisión consideró la solicitud de reconsideración presentada por el patrono en septiembre 23, 1920, y la moción del lesionado de noviembre 24, 1920, y después de haber estudiado cuidadosamente todos los documentos que obran en el expediente del referido caso, inclusive la resolución dictada por la Corte· de Distrito de San Juan, Sección Segunda, con fecha de octubre 16, 1920, en el recurso de *certiorari* número 1856, interpuesto por el lesionado; *resolvió:* (*a*) Que no ha lugar a reconsiderar la resolución dictada por esta Comisión en agosto 23, 1920, por la que se ordena a los patronos, no asegurados a la fecha del accidente, a pagar al lesionado la suma de mil doscientos (1,200) dólares, en concepto de indemnización; y, (*b*) Que debe procederse a la ejecución de la resolución dictada por esta Comisión en agosto 23, 1920, ordenándose el pago total de la indemnización concedida al lesionado Salvador Sánchez.''

Y fué contra esta última resolución que Rexach y Piñero acudieron a la corte de distrito mediante un auto de *certiorari.* Se tramitó el procedimiento, y la corte de distrito finalmente, el 11 de junio de 1921, dictó la sentencia apelada decretando que la resolución de 23 de agosto de 1920 y la del 18 de febrero de 1921 de la Comisión de Indemnizaciones a Obreros, en cuanto obligan a pagar a los recurrentes Rexach y Piñero la suma de mil doscientos dólares y otras por determinados gastos al obrero lesionado Salvador Sánchez, deben ser y son declaradas nulas y sin efecto legal, y que los recurrentes en la fecha del accidente eran patronos asegurados con derecho a que la indemnización se pagara de los fondos de la comisión.

La primera cuestión que se suscitó en la corte de distrito y que se suscita en el alegato del apelante, es esta: "La corte erró al no declarar que el término para recurrir al procedimiento de *certiorari* había expirado."

El artículo 28 de la "Ley de Indemnizaciones a Obreros" de 1918, tal como quedó enmendado en 1919, Leyes de 1919, página 335, en lo pertinente dice:

"*Disponiéndose* que a instancia de la parte agraviada, la corte de distrito competente, podrá revisar mediante *certiorari,* cualquier decisión de la Comisión de Indemnizaciones a Obreros, que fuere dictada con infracción de las disposiciones de esta Ley, siempre que dicho recurso se interpusiere en el término de quince días desde la notificación de la decisión impugnada."

¿Cuál es la verdadera resolución impugnada en este caso? La apelante sostiene que la de agosto 23, 1920. Los apelados que la de febrero 18, 1921.

Hemos narrado con alguna extensión lo ocurrido y de ello se desprende que la verdadera resolución por virtud de la cual el caso fué decidido fué la de 23 de agosto de 1920. Así lo entendieron los mismos apelados cuando presentaron su escrito de 23 de septiembre de 1920 pidiendo a la comisión que la reconsiderara y que dejara en suspenso el término para apelar.

La comisión no reconsideró la resolución a virtud de ese escrito, ni tomó acuerdo alguno sobre la petición de suspensión. Fué a virtud del *certiorari* establecido, no por los apelados sino por el obrero lesionado, que la comisión, al recibir la sentencia pronunciada por la corte de distrito y dándole un alcance que evidentemente no tenía, el 20 de octubre de 1920 reconsideró y dejó sin efecto la resolución de agosto 23, 1920.

Sostienen los apelados que ellos no podían recurrir de una resolución que había sido dejada sin efecto por la misma comisión. Este razonamiento pierde toda su fuerza cuando se considera que cuando la orden de octubre 20, 1920, fué

dictada, ya había transcurrido con exceso el término para recurrir, que la ley concedía a los apelados, de una resolución que les era perfectamente conocida por lo menos desde el 23 de septiembre de 1920, fecha en que presentaron su escrito.

Esta misma corte, en el caso de *Rivera* v. *Medina et al.,* 20 D. P. R. 808, citando la nota al caso de *Conradt* v. *Lepper,* 3 Ann. Cas. 630, estableció la siguiente doctrina: ''Cuando el término dentro del cual debe interponerse la apelación ha vencido, el derecho a apelar no podrá ser revalidado por la radicación de una moción de reconsideración con el solo objeto de revivir cuestiones resueltas por sentencia definitiva.''

''El derecho de solicitar una reconsideración no es concedido por el estatuto sino una cuestión de gracia que depende grandemente de la voluntad de la corte para corregir cualquier error cometido por inadvertencia. Si la parte derrotada desea invocar la gracia de la corte con el fin de que su caso pueda ser revisado de nuevo en cuanto a determinados puntos, ella debe considerar que al hacerlo así puede que se prive a sí misma del derecho de apelación si el término dentro del cual puede establecerse tal apelación fuere consumido durante los procedimientos sobre la petición de reconsideración. La petición de reconsideración no tiene el efecto de prorrogar el término para apelar.'' *Vickers v. Tyndall,* 48 N. E. 214, citando el caso de *Sholty* v. *McIntyre,* 136 Ill. 33.

Habiendo en consideración todo lo expuesto, precisa concluir que la corte sentenciadora cometió el primero de los errores alegados, que es fundamental, debiendo en tal virtud revocarse la sentencia recurrida, y desestimarse el *certiorari,* sin necesidad de considerar los demás errores alegados, todo sin especial condenación de costas.

> *Revocada la sentencia apelada y desestimada la solicitud.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey, Hutchison y Franco Soto.