VARGAS, DEMANDANTE Y APELANTE, *v.* CRUZ, DEMANDADA Y APELADA.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en pleito sobre filiación y otros extremos; moción de desestimación.

No. 3108.—Resuelto en noviembre 13, 1923.

MOCIÓN PARA ELIMINAR—EXCEPCIÓN PREVIA ESPECIAL—ENMIENDA—NUEVA ALEGACIÓN—DEMANDA CONTROVERTIBLE.—Una moción para eliminar ciertos particulares de una demanda es semejante a una excepción previa especial y de ser declarada con lugar el demandante debe enmendar su demanda, o, de otro modo, se dictará sentencia a favor del demandado. La práctica moderna generalmente consiste en exigir que se presente una nueva alegación aún cuando después de eliminada la materia impertinente queda todavía una demanda controvertible.

ID.— ID.— ID.— SENTENCIA ORDENANDO EL ARCHIVO DEL CASO — JURISDICCIÓN.— Cuando tal moción de eliminación prevalece y el demandado tiene derecho a que se dicte sentencia por no hacerse las enmiendas, está dentro de las facultades de la corte ordenar el archivo definitivo del caso, y no importa el nombre en particular que se dé a la sentencia.

ID. — ID. — ID. — SUFICIENCIA DE LA DEMANDA — APELACIÓN — CUESTIÓN NO JURISDICCIONAL.—Para que pueda promoverse cualquier cuestión respecto a la suficiencia de la demanda el apelante debió haber apelado de la sentencia ordenando el archivo del caso, y no puede revivir su anterior derecho de apelación porque suscite una cuestión jurisdiccional en esta apelación. Esta corte a menudo ha resuelto que las cuestiones que no son jurisdiccionales comprendidas en la sentencia no pueden ser revisadas excepto mediante apelación contra la sentencia.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. A. Aponte, Jr.*

Abogado de la apelada: *Sr. J. Sabater.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Este caso viene ante nuestra consideración por virtud de una moción de desestimación. En la Corte de Distrito de Mayagüez el apelante, alegando ser hijo natural de Avelino Cruz y Toro, estableció demanda contra Sofía Esperanza Cruz y Vélez, hija natural del referido Avelino Cruz. Dicha hija había sido declarada anteriormente heredera universal del expresado Avelino Cruz.

La demandada presentó una moción de eliminación. La corte declaró con lugar la moción y concedió al demandante veinte días para presentar una demanda enmendada. El demandante no utilizó este privilegio dentro del término concedido y algunos días después la demandada presentó una moción sobre archivo del caso. La corte al efecto declaró con lugar la moción y dictó sentencia final en 20 de noviembre de 1922, ordenando el archivo definitivo del asunto con las costas al demandado, pero sin especial condenación de honorarios de abogado.

El próximo documento que aparece en los autos es una moción del abogado Arturo Aponte para que los anteriores abogados sean substituídos por él en el caso. Esta moción fué radicada en abril 24 de 1923, y no hubo ninguna objeción a ella. En 27 de abril, 1923, el demandante compareció en la corte con una "moción para que se anule una sentencia" y también presentó otra moción semejante.

La primera moción alegaba la falta de jurisdicción en la corte para dictar sentencia ordenando el archivo del caso. La teoría en que se funda esta falta de jurisdicción es que la corte no debió haber ordenado al demandante hacer enmiendas, sino simplemente haber eliminado la materia objeto de impugnación y por tanto que la corte no estaba en condiciones de dictar la referida sentencia final. La corte de distrito en junio 9 de 1923 declaró sin lugar la moción

para que fuera anulada la sentencia y dicho demandante
apeló.

Fijémonos primero en el hecho de la equivocación en que
incurre el apelante al decir que la corte ordenó al deman-
dante enmendar. La corte meramente le concedió el pri-
vilegio. Hacemos mención de esto particularmente pues,
según parece, el apelante formula un argumento sobre di-
cho supuesto mandato u orden.

El apelante está enteramente equivocado al sostener
que la consecuencia de conceder una moción para eliminar
es que la gestión siguiente recaiga en el demandado. La
naturaleza de una moción para eliminar la hemos discutido
algo recientemente en el caso de *Mazarredo et al.* v. *Gar-
cía, et al.*, 31 D. P. R. 771. Esta moción es del carácter de
una excepción previa especial. Si prevalece, el demandan-
dante debe enmendar o se dictará sentencia a favor del de-
mandado. La práctica moderna es exigir generalmente una
nueva alegación, un documento limpio y nuevo, *Albarran* v.
*Paz,* 18 D. P. R. 970, aun cuando la materia eliminada deje
todavía una demanda controvertible. Dudamos fuertemente
si tal demanda controvertible quedaba, pero, por lo menos
técnicamente, a virtud de ser declarada con lugar una mo-
ción para eliminar se hace necesario una demanda enmen-
dada.

Sostiene también el apelante que el Código de Enjuicia-
miento Civil no autoriza una sentencia para el archivo del
caso. Cuando tal moción para eliminar prevalece y el de-
mandado llega a tener derecho a una sentencia debido a la
omisión en hacer enmiendas, el nombre en particular que
se dé a la sentencia definitiva no es importante. Creemos,
sin embargo, que el archivar el caso es la práctica debida.
La actuación de la corte al dictar sentencia estaba dentro
de su jurisdicción. Véase, por ser semejante, el razona-
miento en el caso de *Mazarredo* v. *García, supra.*

Siendo esto así el apelante, si deseaba promover cualquier cuestión de suficiencia de la demanda, debió haber apelado contra la sentencia de noviembre 20, 1922. El apelante, por el hecho de sugerir una cuestión jurisdiccional, u otra, no puede revivir su derecho de apelación. Hemos decidido frecuentemente que las cuestiones no jurisdiccionales que están comprendidas en la sentencia no pueden ser revisadas excepto mediante la apelación contra la sentencia. *Hernáiz et al.* v. *Vivas,* 20 D. P. R. 106; Fajardo *Development Co.* v. *Morfi,* 19 D. P. R. 1202, entre otros casos.

El apelado llama también la atención hacia el hecho de que después de haber sido dictada la sentencia de noviembre 20 de 1922, el demandante vencido estableció nueva demanda en noviembre 27 de 1922. Fué declarada con lugar una excepción previa por el fundamento de la prescripción y dictada sentencia en marzo 15 de 1923. Una apelación contra esta sentencia fué desestimada por esta corte. Sin embargo, ninguno de estos procedimientos hubiera tenido un efecto retroactivo u obstaculizado al demandante si hubiera tenido derecho a que se reconsiderara la sentencia original.

Como las cuestiones materia de revisión, (incluyendo la responsabilidad de las partes por los actos de los abogados) pudieron haber sido consideradas mediante una apelación contra la sentencia de noviembre 20, 1922, debe desestimarse esta apelación.

*Desestimada la apelación.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey, Hutchison y Franco Soto.