Miguel Vargas, demandante y apelante, *v.* Esperanza Cruz Vélez, demandada y apelada.

No. 3983.—*Visto:* Febrero 4, 1927. *Resuelto:* Abril 26, 1927.

1. Apelación y Error—Señalamiento de Errores—Omisión de Señalar Determinado Error, y Efecto.—El Supremo prescindirá en apelación de aquellas cuestiones levantadas por las alegaciones, de las cuales el propio apelante haya prescindido en su alegato.
2. Sentencia—Acción de Nulidad—Causa de Acción—En General. — El que una corte haya resuelto erróneamente una moción de reconsideración presentada en un pleito, no es motivo para anular la sentencia dictada en el mismo.
3. Apelación y Error—Revisión—Alcance y Extensión en General—En General.—Si una solicitud de sentencia por abandono se ha hecho o no antes de vencerse el término para enmendar la demanda según se alega, es cuestión que importa poco decidir cuando la corte la ha dictado después de vencido el término y se funda para ello en dicho vencimiento.
4. Sentencia—Acción de Nulidad—Causa de Acción—En General.—No hay base para una acción de nulidad de sentencia por abandono fundada en que aquélla se dictó antes de vencerse el término para enmendar cuando aparece que la sentencia se dictó después de vencido el término y ella está basada en el vencimiento del mismo.

Sentencia de *Charles E. Foote,* J. (Mayagüez), declarando con lugar excepción previa contra la demanda, desestimándose ésta, con costas. *Confirmada.*

*Arjona & Arjona,* abogados del apelante; *José Sabater,* abogado de la apelada.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Esta apelación ha sido interpuesta por el demandante contra sentencia de la Corte de Distrito de Mayagüez que declaró sin lugar su demanda después de sostener la excepción previa opuesta a ella por la demandada fundada en que no aduce hechos determinantes de causa de acción.

La demanda que da origen a esta apelación tiene por objeto que se anule la sentencia dictada en otro pleito y para ello se alega que el demandante estableció el otro pleito en la misma corte de distrito contra la misma demandada en el que se ordenó por la corte el 30 de septiembre de 1922 la eliminación de ciertos particulares de la demanda y concedió un término de veinte días para enmendarla: que el demandante pidió a la corte el 14 de octubre siguiente que reconsiderase dicha resolución: que en 6 de noviembre de 1922 la corte negó dicha moción por entender que carecía de jurisdicción para resolverla: que antes de dictarse esa resolución la demandada solicitó de la corte el 25 de octubre que dictase sentencia disponiendo el archivo del pleito porque la demandante no había enmendado su demanda, habiendo transcurrido los veinte días que a ese efecto se le concediera contados desde el 3 de octubre en que su abogado fué notificado de dicha resolución: que la corte, el 20 de noviembre de 1922, declaró con lugar dicha moción por no haber sido enmendada la demanda dentro de los veinte días concedidos ni en ninguna otra fecha, sin que hubiese solicitado prórroga, y ordenó el archivo definitivo del asunto: que los veinte días concedidos para enmendar la demanda vencían el 28 de octubre: que el día 30 de septiembre en que la corte dictó su resolución sobre eliminación era el último del término de agosto y septiembre de la corte y habiendo sido notificado de ella el demandante el 3 de octubre su moción de reconsideración fué presentada en tiempo y al no resolverla la corte por entender que carecía de jurisdicción para considerarla por haber sido presentada después del término en que fué dictada privó al demandante de su derecho a que fuese considerada: y que la sentencia decretando el archivo del caso fundada en el abandono de la acción por el demandante es nula porque la corte no tenía poder para ordenarlo; porque no fué dictada en corte abierta, y porque el juramento que prestó el juez para desem-

peñar su cargo es nulo. Tal es la demanda que fué presentada en julio de 1925.

El único motivo de error alegado ahora por el apelante es por haber declarado la corte inferior que la demanda de este pleito no aduce hechos determinantes de causa de acción, declarándola, en su consecuencia, sin lugar.

[1] El apelante en su alegato para fundamentar su motivo de error prescinde de las alegaciones de la demanda referentes a que la corte no tenía poder para dictar sentencia por abandono de la acción en el pleito anterior: de que aquella sentencia sea nula por no haber sido dictada en corte abierta: y de que el juramento del juez que la falló sea nulo. Por eso nosotros prescindiremos de tales cuestiones y nos limitaremos a las dos que expone para sostener que su demanda es suficiente, a saber: 1º la relativa a no haber considerado la corte en el pleito cuya sentencia trata de anular la moción de reconsideración de la resolución ordenando eliminaciones en la demanda primera: 2º la de haberse dictado sentencia por abandono sin haber transcurrido los veinte días que la corte concedió para enmendar la demanda.

[2] Para poder atacar el apelante la sentencia dictada en su anterior pleito alega en éste que aquélla es nula porque la corte se declaró sin jurisdicción para resolver su moción para que reconsiderase la orden por la cual decretó la eliminación de ciertos particulares de la demanda porque no fué presentada dentro del término de la corte en que fué dictada, lo que dice fué un error porque tenía la jurisdicción que se negó.

En el caso de *Rexach v. Comisión de Indemnizaciones,* 31 D.P.R. 17 ha declarado este tribunal que el derecho de solicitar una reconsideración no es concedido por el estatuto sino una cuestión de gracia que depende grandemente de la voluntad de la corte para corregir cualquier error cometido por inadvertencia y que no tiene el efecto de prorrogar el término para apelar. Por consiguiente, no existiendo derecho alguno

estatutorio que autorice la presentación de tal moción no puede alegarse como motivo de nulidad el que haya sido resuelta erróneamente, aunque ese error sea el de no creerse la corte con jurisdicción para resolverla, y por tanto la alegación a que nos referimos no expone causa de acción en la demanda de este pleito.

[3, 4] El otro punto alegado por el apelante es que la sentencia declarando abandonada la acción en el anterior pleito es nula porque la demandada la solicitó antes de vencer los veinte días que el demandante, entonces, tenía para enmendar su demanda; pero importa poco decidir si la moción de la demandada en aquel pleito fué hecha tres días antes de vencer dichos veinte días, que según el apelante vencían el 28 de octubre, porque lo cierto es que la corte dictó la sentencia por abandono mucho tiempo después, el 20 de noviembre siguiente, fundándose en que estaba vencido el término concedido para enmendar y en que no se había solicitado prórroga del mismo.   En una apelación en el caso anterior, *Vargas* v. *Cruz,* 32 D.P.R. 456, esta corté dijo que una moción para eliminar ciertos particulares de una demanda es semejante a una excepción previa especial y que de ser declarada con lugar el demandante debe enmendar su demanda, o, de otro modo, se dictará sentencia a favor del demandado, teniendo facultades la corte para ordenar el archivo definitivo del caso. Por lo expuesto se ve que tampoco la alegación de la demanda a que venimos refiriéndonos aduce causa de acción.

*La sentencia apelada debe ser confirmada.*