*Por las razones expuestas la sentencia apelada debe ser confirmada.*

---

Las Sucesiones de José Alfonso y Juan Quiñones y Quiñones, compuestas de Doña María Ana Ramírez y Quiñones, Doña María Teresa Quiñones y Ramirez, Doña Marina Quiñones y Ramíres, Don Radamés Costa y Quiñones, y Don Narciso Costa y Valdivieso y Marta Quiñones y Ramírez, demandantes y apelantes, *v.* La Central Eureka Inc., demandada y apelada.

No. 3630.—*Visto:* Abril 30, 1926. *Resuelto:* Julio 26, 1927.

1. Reivindicación — Derecho de Acción y Defensas — Personas que Pueden Ejercitar la Acción.—Una demanda que alegue que los causantes de los demandantes les corresponde parte de unos bienes gananciales existentes a la muerte de su padre tienen acción para reivindicar dicha parte de la persona en cuya posesión está la finca aunque ésta la haya adquirido por compra sin que sea necesario hacer partes en dicho pleito a las personas que le vendieron.

2. Reivindicación—Alegaciones y Evidencia—De la Evidencia—Su Suficiencia—Título y Derecho de Posesión de las Partes—En General.—Cuando los demandantes han tenido en la finca de que se trata el condominio que reclaman hasta seis años con anterioridad a la fecha en que se ejercitó la acción reivindicatoria, no cabe alegar el demandado el haber adquirido el dominio de la finca por prescripción extraordinaria.

3. Sentencia—Alegación y Prueba de la Sentencia Como Impedimento *(Estoppel)* o Defensa—Alegación de la Sentencia—En General.—La excepción de cosa juzgada no procede en un pleito como excepción a la demanda cuando de las alegaciones de ella no aparece como terminó un pleito anterior ni las cuestiones en él resueltas.

4. ALEGACIONES—EXCEPCIONES PREVIAS *(Demurrer)* Y EXCEPCIONES *(Exceptions)*
—EXCEPCIONES PREVIAS A LA DEMANDA—HECHOS O ALEGACIONES EN QUE
DEBEN BASARSE.—Las excepciones previas a una demanda han de basarse
en las alegaciones que ella contenga, sin que sea lícito fundarlas en hechos
que consten en otros autos.

SENTENCIA de *Angel Acosta Quintero,* J. (Mayagüez), declarando
sin lugar la demanda, con costas. *Revocada* y devuelto el caso.
*Arjona & Arjona,* abogados de los apelantes; *José Sabater,* abogado
de la apelada.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tri-
bunal.

La corte inferior sostuvo las excepciones previas opuestas
a la demanda y después dictó sentencia declarándola sin
lugar, contra cuyo fallo interpusieron los demandantes esta
apelación alegando como error el haber sostenido la corte
sentenciadora dichas excepciones.

Como la demanda es extensa, haremos un resumen de sus
alegaciones fundamentales. Fué presentada en agosto de
1924 y en ella se dice lo siguiente: que los demandantes son
los únicos herederos de José Alfonso y de Juan Quiñones y
Quiñones, los dos hijos tenidos por don José Marcial Qui-
ñones en su matrimonio con doña Inocencia Quiñones: que
estando casado don José Marcial Quiñones en segundas
nupcias con doña Cándida Quiñones, ésta compró en el año
1882 a don José María Quiñones la mitad que a éste perte-
necía en dos fincas, una de 300 cuerdas nombrada Filial
Amor, y otra de 5 cuerdas, cuyas descripciones hace la de-
manda, haciéndose constar en el registro de la propiedad el
hecho de estar casada doña Cándida: que esta señora hipo-
tecó 50 cuerdas de la finca Filial Amor y la mitad de la otra
de 5 cuerdas a favor de su vendedor para garantizarle la
parte del precio de la compra que quedó aplazado, y que
en 1888, con el consentimiento de su esposo, adjudicó a don
José María Quiñones las dos fincas hipotecadas en pago de
su deuda, cancelándose la hipoteca en el registro de la pro-
piedad: que a la muerte del esposo de doña Cándida, que
ocurrió el 23 de septiembre de 1893, quedaron como bienes

gananciales unas 100 cuerdas de terreno de la finca Filial Amor, posesionándose de ellas y de los demás bienes gananciales doña Cándida, como si fueran suyos y haciendo varias negociaciones con la finca, cuyas inscripciones fueron negadas en el registro por aparecer en él que había adquirido la finca siendo casada: que para legalizar doña Cándida esas transacciones promovió en el año 1918 un expediente posesorio de 52 cuerdas de terreno, que dijo haber adquirido por título de gananciales, cuya descripción se hace en la demanda y que se dice son parte de las 100 cuerdas quedadas a la muerte de su marido, expediente que fué aprobado e inscrito en el registro haciéndose constar en él que la finca era privativa de dicha señora por cuyo motivo no tenía participación en ella los demás herederos de don José Marcial Quiñones, de quienes se dijo haber recibido su haber en una casa radicada en San Germán, hecho éste que se niega en la demanda: que habiendo fallecido doña Cándida el mismo año 1918, fueron declarados herederos suyos los dos hijos de su matrimonio, nombrados Francisco y Cándida Quiñones y Quiñones, a cuyo nombre y en pro indiviso fué inscrita la finca de 52 cuerdas: que la Central Eureka, Inc., contra quien se dirige esta demanda, adquirió la finca en junio de 1922, después de presentada en la misma corte por los actuales demandantes un pleito sobre petición de herencia contra varios demandados, entre los cuales figuraba la misma Central Eureka, Inc., luego de haber sido anotada esa demanda en el Registro de San Germán y de haber sido notificada la Central Eureka, Inc., de dicha demanda, en la cual se exponían como constitutivos de causa de acción todos los hechos alegados en la actual demanda de reivindicación: que los demandantes son dueños de una cuarta parte de dichas 52 cuerdas, habiendo producido aquella cuarta parte frutos desde 1893 en que murió don José Marcial Quiñones a razón de $350 líquidos por año. Por esas alegaciones y otras que no son importantes ahora, los demandantes solicitaron se dictase sentencia a su favor declarativa de que son dueños

únicos y exclusivos de un condominio de una cuarta parte para todos ellos en la finca de 52 cuerdas y que se condene a la Central Eureka, Inc., a reconocer la existencia de dicho condominio y a restituir a los demandantes la cantidad de $21,700, más los intereses de dicha suma al tipo legal desde la interposición de la demanda.

Las excepciones previas alegadas por la demandada fueron: primera, falta de hechos en la demanda determinantes de causa de acción; segunda, defecto de partes demandadas; tercera que la acción de reivindicación pretendida en la demanda ha prescrito porque desde 1893 en que falleció don José Marcial Quiñones hasta la interposición de esta demanda han transcurrido más de treinta años, por los cuales también resulta de acuerdo con el artículo 1860 del Código Civil que la demandada ha adquirido el dominio de la finca por prescripción extraordinaria; y cuarta, cosa juzgada entre las partes.

[1] Como la demanda alega que doña Cándida compró las fincas siendo casada, por lo que de acuerdo con la ley tiene tal compra la presunción de ser un bien de la sociedad conyugal que tenía con don José Marcial Quiñones, pues la demanda no contiene alegación alguna que destruya tal presunción; como dice que la finca de 52 cuerdas objeto de este pleito es parte de la finca Filial Amor que adquirió dicha señora por esta compra; como por la muerte del Sr. Quiñones correspondía a los hijos de su primer matrimonio, de quienes alegan ser herederos los demandantes, una cuarta parte en los bienes gananciales relictos a la muerte de su padre como herederos en unión de los otros dos hijos de su segundo matrimonio, siendo la mitad restante de la viuda; y como esa finca está poseída por la demandada Central Eureka, Inc., nos parece claro que la demanda aduce hechos que determinan una causa de acción en los demandantes.

No existe defecto de partes demandadas, pues si, como se alega, a los causantes de los demandantes les correspondía una cuarta parte en los bienes gananciales existentes a la

muerte de su padre, tienen acción para reivindicarla de la Central Eureka, Inc., en cuya posesión está la finca, aunque ésta la haya adquirido por título de compra, sin ser necesario que los demandantes hagan parte de este pleito a las personas que le vendieron ni a los herederos de doña Cándida, aunque por la tramitación o inscripción del expediente posesorio convirtió en bien privativo suyo lo que era propiedad de los causantes de los demandantes, pues el título de ellos nace de la muerte de don José Marcial Quiñones y no de que sea nulo dicho expediente posesorio.

[2] Tampoco es procedente la excepción de prescripción alegada por la demandada pues hasta el año 1918 en que por el expediente posesorio quedó convertida en bien privativo de doña Cándida la finca de 52 cuerdas a que se refiere este pleito, los demandantes han tenido en ella el condominio que reclaman, y desde esa fecha hasta 1924 en que fué presentada esta demanda, no habían transcurrido los treinta años que según el artículo 1864 del Código Civil son necesarios para que prescriba la acción sobre bienes inmuebles, ni igual período de tiempo exigido por el artículo 1860 para adquirir por prescripción extraordinaria el dominio de tal clase de bienes.   Ni estaría prescrita la acción ni adquirido el dominio si el período de prescripción hubiera de contarse desde el año 1893 en que murió don José Marcial Quiñones, de quien traen derecho los demandantes, como alega la demandada, porque en 1922 los actuales demandantes presentaron en la misma corte de distrito una demanda de petición de herencia con las mismas alegaciones que contiene la presente, según dice la demanda, siendo demandada en ella la Central Eureka, Inc., y otros, y entonces no habían transcurrido los treinta años contados desde septiembre de 1893, quedando así interrumpida la prescripción de la acción y el término para adquirir por prescripción extraordinaria según los artículos 1874 y 1846 del Código Civil; pues aunque en aquella demanda se ejercitaba la acción de petición de herencia y en ésta la de reivindicación, ambas tenían por objeto

el reconocimiento de los derechos que los demandantes alegan tener en la finca de 52 cuerdas como herederos de don José Marcial Quiñones.

[3, 4] La excepción de cosa juzgada no era procedente en este pleito como excepción a la demanda porque de las alegaciones de ella no aparece cómo terminó el anterior pleito ni las cuestiones en él resueltas para poder decidir si existe o no cosa juzgada entre las partes. Las excepciones previas a una demanda han de basarse en las alegaciones que ella contenga, y no es lícito fundarla en hechos que consten en otros autos, como hizo en este caso la demandada y la corte inferior, y hasta la misma parte demandante-apelante, que ha traído en esta apelación constancias de otro pleito y en ellas ha basado una gran parte de su argumentación.

*Por las razones expuestas la sentencia apelada debe ser revocada y devolverse el caso para ulteriores procedimientos.*