EL PUEBLO DE PUERTO RICO, querellante, *v.* RUBERT HERMANOS, INC., demandada.

Núm. 2.—*Sometido:* Marzo 13, 1936. *Resuelto:* Junio 8, 1936.

*Hon. Procurador General B. Fernández García; M. Guerra Mondragón, R. Rivera Zayas* y *Lester P. Schoene,* abogados del querellante; *Jaime Sifre, Jr., Horacio Franceschi* y *Orlando J. Antonsanti,* abogados de la demandada.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

██ Este es un procedimiento de *quo warranto* presentado contra Rubert Hermanos, Inc. Al notificársele, el primer paso dado por la demandada fué radicar una moción para eliminar ciertos particulares de la petición. El día señalado para la vista el peticionario solicitó oralmente que se ignorara la moción para eliminar. La teoría fué que la ley de *quo warranto* autorizaba solamente una alegación similar a una contestación o excepción previa, y que en la ley de *quo warranto* no había campo para tal moción para eliminar, especialmente toda vez que la idea de la ley fué que el procedimiento fuera rápido.

Estamos plenamente convencidos de que para este fin un procedimiento de *quo warranto* no difiere esencialmente de cualquier otro pleito cuyo objeto es determinar una controversia entre las partes. Un demandado tiene siempre derecho a saber exactamente qué es lo que tendrá que afrontar en el juicio e insistir en que no debe llamársele para refutar alegaciones innecesarias o aun redundantes o impertinentes. Cuando un peticionario se ha excedido posiblemente de los límites de una buena práctica (*good pleading*), el demandado debe tener derecho a traerle dentro de tales límites.

██ Los. artículos 123 y 315 de nuestro Código de Enjuiciamiento Civil disponen:

"Artículo 123. A moción de la parte contraria se eliminará por la corte toda materia impertinente y redundante contenida en una alegación, y hasta que tal moción sea resuelta por la corte la parte promovente no estará obligada a hacer nueva alegación.

"Artículo 315. Toda disposición de una corte, o juez dada por escrito, o anotada en el récord y no incluída en una sentencia, se denomina una orden. La solicitud pidiendo que se expida una orden constituye una moción."

De suerte, pues, que si se interpretan conjuntamente estos dos artículos, la conclusión necesaria es que la orden de una corte eliminando materia redundante o de otra índole puede obtenerse mediante moción.

Nosotros mismos hemos discutido la naturaleza de una moción para eliminar en *Vargas* v. *Cruz*, 32 D.P.R. 456. Comparamos la moción con una excepción previa especial y nos referimos a otra jurisprudencia.

Al considerar una moción para eliminar, especialmente en esta clase de procedimiento, cuando la materia objetable tan sólo se excede un poco o es inofensiva, y no impone pesada carga en los hombros de la querellada, la corte podría negarse a eliminar.

*Debe declararse sin lugar la moción de El Pueblo.*

Los Jueces Asociados Señores Córdova Dávila y Travieso no intervinieron.