Joaquín Vargas, demandante y apelante, *v.* International General Electric Co. of Puerto Rico, demandada y apelada.

Núm. 8473.—*Sometido:* Mayo 19, 1942. *Resuelto:* Junio 4, 1942.

*L. Mercader,* abogado del apelante; *James R. Beverley, R. Castro Fernández* y *José López Baralt,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

La cuestión primordial a resolver en este recurso es si, de acuerdo con las alegaciones contenidas en la demanda y en la contestación en el caso del epígrafe y a virtud de una moción eliminatoria y para que se dictara sentencia sobre las alegaciones, puede sostenerse, como pretende el demandante apelante, que la corte inferior debió resolver que existe la

presunción de cosa juzgada entre una acción anterior establecida por la demandada contra el demandante y la defensa y contrademanda alegadas por la demandada en su contestación en esta acción.

Los hechos son los siguientes:

En su demanda jurada Joaquín Vargas alega que el 29 de abril de 1941 la demandada International General Electric Co. of P. R. presentó una demanda contra él en la Corte Municipal de San Juan alegando que le adeudaba cierta cantidad sobre un radio vendido a plazos; que la demandante en dicho procedimiento procedió a embargar en aseguramiento de sentencia el radio que estaba en poder del demandante no obstante haberle éste demostrado al márshal que el radio había sido pagado totalmente pero que la demandada se llevó el radio del hogar del demandante no obstante la protesta de éste y de su esposa; que seguido el procedimiento ante la Corte Municipal de San Juan y vista la prueba presentada, "dicho tribunal inmediatamente declaró sin lugar la reclamación" y dispuso que se devolviera el radio al demandante una vez firme la sentencia, de la cual no recurrió la demandada. Continúa alegando el demandante que debido a la culpa y negligencia de la demandada que embargó el radio a sabiendas de que el demandante nada le adeudaba, le ha causado daños y perjuicios en la suma total de $3,050.

En su contestación la demandada negó que el demandante o su esposa mostraran a persona alguna constancia de haber pagado totalmente el radio; que el demandante haya pagado el importe del precio total del radio, y por el contrario alegó que en la fecha del embargo y aun a la fecha de la contestación el demandante adeudaba a la demandada $16.20 de precio aplazado, y negó asimismo todas las alegaciones en cuanto a los daños y perjuicios. Procedió entonces la demandada a establecer una contrademanda alegando que dicho radio fué vendido bajo contrato de venta condicional debidamente inscrito en el Registro y que del precio aplazado el demandante

aun adeuda a la demandada $16.20, pidiendo sentencia por esta suma.

El demandante solicitó de la corte inferior que ordenara la eliminación de los hechos alegados en la contestación en cuanto se refieren a la existencia de la deuda y también de la contrademanda, por el fundamento de que los hechos alegados fueron resueltos por la Corte Municipal de San Juan en el procedimiento de reposesión y por lo tanto constituían cosa juzgada y solicitó además que se dictara sentencia sobre las alegaciones.

La corte inferior declaró sin lugar esta moción del demandante y entonces éste solicitó que se dictara sentencia, lo que hizo la corte, declarando sin lugar la demanda. En este recurso alega el apelante que la corte inferior cometió error al no eliminar de la contestación aquellos extremos concernientes a hechos relacionados con la acción de reposesión incoada por la demandada ante la Corte Municipal de San Juan y asimismo toda la contrademanda, por haber sido objeto de sentencia firme y constituir cosa juzgada entre las partes, estando impedida la demandada de atacarla colateralmente; al negarse a dictar sentencia sobre las alegaciones y al no condenar a la demandada al pago de los $3,050 reclamados más las costas y honorarios de abogado.

Los tres señalamientos pueden discutirse y resolverse conjuntamente.

▉▉▉ Los motivos que expuso la corte inferior pará declarar sin lugar la moción eliminatoria de la demandante fueron los siguientes:

"Resultando, que la contestación presentada niega sustancial y específicamente los hechos esenciales de la demanda, no procede que se elimine la misma, ni que se dicte sentencia sobre las alegaciones.

Resultando, que la corte no puede afirmar, *por no tener evidencia auténtica ante sí,* que la deuda que se reclama en la contrademanda sea la misma que fué objeto de sentencia en la corte municipal, *pues todavía no se ha presentado prueba alguna en este caso que demuestre tal sentencia y el alcance de la misma,* la corte entiende que no

está en condiciones de eliminar la contrademanda y que no sufre perjuicio alguno la parte demandante en que esa cuestión se resuelva después del juicio, en el caso de que sea un ataque colateral a dicha sentencia sin que se alegue falta de jurisdicción.'' (Bastardillas nuestras.)

Somos de opinión que la cuestión envuelta en este recurso se reduce a una de procedimiento más bien que a una de fondo. El demandante se limitó a alegar en su demanda en la presente acción que la demandada siguió una acción sobre reposesión del radio ante la Corte Municipal de San Juan y vista la prueba presentada ''dicho tribunal inmediatamente declaró sin lugar la reclamación del demandado. . . . '' La demanda no contiene alegación alguna en cuanto a los fundamentos que tuvo la corte municipal para declarar sin lugar la reclamación de la demandada en la acción anterior.

Tampoco radicó el demandante contestación a la contrademanda en la cual, como defensa, levantara la excepción de cosa juzgada, sino que se limitó, como hemos visto, a radicar una moción eliminatoria y para que se dictara sentencia sobre las alegaciones. Es a base de esta moción que pretendió que la corte inferior resolviera que existía dicha defensa.

Somos de opinión que la corte inferior actuó correctamente al desestimar la moción del demandante pues [2] no es a través de una moción eliminatoria y para que se dicte sentencia sobre las alegaciones que debe plantearse la defensa de cosa juzgada. Una moción eliminatoria sólo levanta una cuestión de carácter legal y es semejante a una excepción previa especial, *Mazarredo et al.* v. *García et al.,* 31 D.P.R. 771; *Vargas* v. *Cruz,* 32 D.P.R. 456, y, por tanto, no susceptible de que se pudiera presentar la prueba necesaria para dejar demostrada la defensa de cosa juzgada. [3] Tampoco procedía la moción para que se dictara sentencia sobre las alegaciones, pues la demandada en su contestación específicamente controvirtió las alegaciones esenciales de la demanda y por el fundamento adicional de que la defensa de cosa juz-

gada tampoco puede plantearse en esta forma. 30 Am. Jur., Judgments, sec. 271 y 120 A.L.R. 8, 132. Considerando la moción eliminatoria como una excepción previa especial, esta corte en el caso de *Quiñones (Sucns.)* v. *Central Eureka, Inc.,* 37 D.P.R. 270, 275, resolvió lo siguiente:

"La excepción de cosa juzgada no era procedente en este pleito como *excepción* a la demanda porque de las alegaciones de ella no aparece cómo terminó el anterior pleito *ni las cuestiones en él resueltas para poder decidir si existe o no cosa juzgada entre las partes.* Las excepciones previas a una demanda han de basarse en las alegaciones que ella contenga, y *no es lícito fundarla en hechos que consten en otros autos,* como hizo en este caso la demandada y la corte inferior, . . ." (Bastardillas nuestras.)

Si bien en la demanda en el caso de autos se alegó que la Corte Municipal de San Juan "declaró sin lugar la reclamación del demandado", no contiene alegación alguna en cuanto a las cuestiones resueltas en dicha acción.

En el caso de *Russell* v. *Mutual Lumber Co.,* (1925), 236 P. 96, la demandada presentó una moción eliminatoria que, por estipulación de las partes se sometió como si se tratara de una excepción previa, y a virtud de la cual se planteó la defensa de cosa juzgada, resolviendo la Corte Suprema de Washington, según aparece del sumario, lo siguiente:

"*Estoppel* por actuaciones, por admisiones y por *res judicata* son defensas afirmativas a una acción que deben alegarse y probarse como tales; y no son materias que deban investigarse por una excepción previa y moción eliminatoria, cuando la única cuestión ante la corte es si el demandante ha hecho o no alegaciones impropias en su demanda o ha dejado de alegar hechos suficientes para constituir una causa de acción."

Y en el de *Samples* v. *United Fuel Gas Co.,* (1925), 130 S. E. 670, 672, se resolvió lo siguiente:

". . . Una moción para desestimar o una moción eliminatoria, no son alegaciones sobre las cuales pueda presentarse prueba para demostrar la defensa de cosa juzgada (citas)."

Al mismo efecto véanse los casos de *Hall* v. *Morris et al.,* (1923), 219 P. 903 y *Bronson* v. *Reed et al.,* (1934), 30 P. (2d) 459.

Para sostener que procedía su moción y que no tenía que presentar prueba alguna, arguye el apelante en su alegato lo siguiente:

". . . Repetimos que el demandante alegó, *y ya había probado en la Corte Municipal,* que no sólo no debía nada a la demandada sino que le había hecho abonos por más del importe de la compra. La demandada admite, porque ni siquiera niega ese hecho esencial. Y siendo así, la corte no necesitaba evidencia auténtica de ninguna clase, sino que admitida la alegación, tenía que aceptarla sin más espera, y resolver a favor del demandante de acuerdo con la ley." (Bastardillas nuestras.)

No tiene razón, a nuestro juicio, pues en su contestación la demandada negó específicamente la alegación de la demanda a que se refiere el apelante, en esta forma:

". . . niega que el demandante o su esposa mostraran a persona alguna constancia de haber pagado totalmente por el mencionado radio; niega que el demandante haya pagado el importe del precio total de dicho radio y por el contrario alega que en la fecha del embargo y aun en esta fecha el demandante adeuda a la demandada en precio aplazado de dicho radio la suma de $16.20."

Negadas en esta forma las alegaciones de la demanda, la corte inferior no podía tomar conocimiento judicial de lo que el demandante "ya había probado en la corte municipal", según sostiene éste en su alegato. La regla unánime prevaleciente es que una corte no toma conocimiento judicial de los records de otra corte distinta, y esta regla es aplicable especialmente cuando está planteada, en debida forma, la defensa de cosa juzgada. Véanse 30 Am. Jur., Judgments, sec. 273, y las monografías en 96 A.L.R. 944 y 120 A.L.R. 8, 164.

*Debe desestimarse el recurso y confirmarse la sentencia apelada.*