ANACLETO ALICEA, demandante y apelante, *v.* SUCESIÓN DE J. SERRALLÉS, demandada y apelada.

Núm. 10096.—*Sometido:* Abril 21, 1950. *Resuelto:* Mayo 31, 1950.

*Aníbal Padilla,* abogado del apelante; *Leopoldo Tormes García,* abogado de la apelada.

EL JUEZ PRESIDENTE SEÑOR DE ·JESÚS emitió la opinión del tribunal.

El 20 de diciembre de 1948 el apelante radicó demanda de daños y perjuicios en la corte inferior. La demandada presentó una moción para desestimar por no exponerse hechos constitutivos de causa de acción y otra moción solicitando la eliminación de ciertos particulares de daños. La corte a quo denegó la moción para desestimar y declaró con lugar, en parte, las eliminaciones.

El demandante enmendó su demanda eliminando las partidas de daños que la corte le ordenó eliminar; pero al enmendarla incorporó por referencias las alegaciones que de acuerdo con la orden, debían subsistir. La corte, fundándose en *Vargas* v. *Cruz,* 32 D.P.R. 456, desestimó la demanda enmendada y dictó sentencia ordenando el archivo del caso.

■■ Si no existiera la Regla 10 (*c*) de Enjuiciamiento Civil, la actuación de la corte hubiera sido correcta por estar en conformidad con la jurisprudencia citada; pero la referida Regla, al disponer que "Cualquier manifestación hecha en una alegación podrá adoptarse por referencia en cualquiera otra parte de la misma *o en otra alegación* o moción", (bastardillas nuestras) dejó sin efecto la jurisprudencia citada. Véase 2 Moore's *Federal Practice,* (2da. ed.) Regla 10 (*c*), págs. 2013–14 sobre la interpretación de esta Regla.

El apelante señala como· error el haberse declarado, en parte, con lugar la moción para eliminar. Las partidas cuya eliminación fué ordenada fueron las siguientes:

"Por beneficios dejados de percibir en su negocio, debido a la crianza de mosquitos en su 'Salón Elegante'   $600
"Por reducción en el valor de la propiedad debido a lo blando del terreno y amenaza de derrumbe de los cimientos . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $1, 500."

De conformidad con la Regla 12(f) de Enjuiciamiento Civil, puede ordenarse la eliminación de toda materia redundante, impertinente o escandalosa. Explicando el alcance de esta Regla dice Moore:

"Las mociones para eliminar manifestaciones reduntantes, inmateriales o escandalosas no son favorecidas. No se eliminará de una alegación ninguna materia a menos que sea claro que la misma no puede tener una posible pertinencia a la materia objeto del litigio. Si hubiere cualquier duda sobre si bajo cualquier contingencia la materia cuya eliminación se solicita pueda suscitar una controversia, la moción debe ser denegada. Aún si las manifestaciones son redundantes o impertinentes, no necesitan ser eliminadas, si su presencia en las alegaciones no puede perjudicar a la parte contraria." Ob. y t. cit. págs. 2317–2318.

Lo menos que puede decirse con respecto a las partidas de daños antes mencionadas, es que no son claramente impertinentes a la materia objeto del litigio. Por consiguiente, erró la corte inferior al ordenar su eliminación.

El restante error es tan manifiestamente improcedente que no nos detendremos a discutirlo.

*Procede la revocación de la sentencia y devolver el caso a la corte inferior con instrucciones de que se conceda a la demandada un plazo de cinco días para contestar la demanda.*