Rosa, Monserrate Rafaela, Rafaela Monserrate, Eduardo y Soledad Pérez Casalduc, y Luisa Torres, demandantes y apelados *v.* Manuel Díaz Mediavilla y su esposa Aciscla Vázquez; The Federal Land Bank of Baltimore, demandados y apelantes.

No. 4621.—*Sometido:* Diciembre 15, 1930.—*Resuelto:* Enero 20, 1931.

*Francisco Parra Capó* y *López de Tord & Zayas Pizarro,* abogados de los esposos Díaz Mediavilla; *José R. Aponte,* abogado del Banco Federal; *E. Pérez Casalduc,* como abogado, por sí, y *M. García Méndez,* abogado de los otros apelados.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

En el presente caso el Tribunal emitió su sentencia y opinión el 18 de julio, 1930, constituyendo tres jueces una mayoría y disintiendo dos. Los apelantes presentaron una moción ante esta corte interesando la retención del mandato, y posteriormente radicaron una moción de reconsideración que fué luego enmendada varias veces. En septiembre 5, 1930, dichos apelantes interpusieron recurso de apelación contra la sentencia dictada por este Tribunal. Los apelados, demandantes originales en la corte inferior, archivaron mociones para desestimar tanto la apelación como la moción para reconsiderar.

La moción para desestimar la apelación se fundaba en el hecho de que algunos de los demandados y apelantes habían traspasado sus derechos y acciones a la Jayuya Development Co. Estamos bastante contestes con los demandados y apelantes en que, a virtud del artículo 69 del Código de Enjuiciamiento Civil, el traspaso a la Jayuya Development Co. no hizo que el pleito o el recurso de apelación quedaran extinguidos. Sugirieron, no obstante, que estaban dispuestos a enmendar el título del caso para conformarlo a la substitución de las partes. Los apelantes mismos deben elegir el camino a seguir. Tal vez sería mejor que, bien en este Tribunal o en la Corte de Circuito de Apelaciones, las partes realmente interesadas sean las que aparez-

can tramitando la apelación. Quizá las anteriores consideraciones eran totalmente innecesarias, toda vez que la apelación había sido ya concedida por este Tribunal y la jurisdicción había pasado a la Corte de Circuito de Apelaciones.

■ El reparo hecho a la moción de reconsideración fué que se radicó demasiado tarde; en otras palabras, después de haber expirado el término en que este Tribunal dictó su fallo. No tenemos regla alguna fijando el tiempo en que debe radicarse una moción de reconsideración. Ordinariamente, hemos accedido a esas mociones hasta el momento en que se retiene el mandato en esta corte, y quizá aun después cuando el Tribunal entra en vacaciones. En este caso en particular, los apelantes solicitaron, el 24 de julio de 1930, que se retuviera el mandato a fin de permitírseles radicar una moción de reconsideración. Esa solicitud fué declarada con lugar y se retuvo el mandato hasta el 12 de agosto, 1930. El 9 de agosto, 1930, la moción original de reconsideración fué radicada. De todos modos, somos de opinión que cuando este Tribunal dicta sus sentencias hacia fines del término, las partes perdidosas tienen, sin embargo, un período razonable para presentar una moción de reconsideración. No hemos prestado gran atención a las autoridades citadas por los apelantes en este caso, porque estamos plenamente convencidos de la práctica de esta corte y de que, de todos modos, los apelantes actuaron dentro de un tiempo razonable al radicar su moción de reconsideración.

■ Llegamos ahora a la cuestión suscitada por nosotros mismos, respecto a si una moción de reconsideración no queda anulada por una apelación posterior para ante una corte superior. Parecería evidente que cuando se radica la moción de reconsideración la corte inferior conserva la jurisdicción con el fin de resolverla. Fué un asunto que llegó a este Tribunal antes de radicarse el escrito de apelación. Estamos además bastante convencidos de que, bajo estas circunstancias, una corte inferior no pierde su jurisdicción so-

bre una moción para reconsiderar por haberse concedido la apelación. *Saldaña* v. *Comas,* 39 D.P.R. 339.

No creemos que ninguna de las partes haya agotado las autoridades a este respecto, y no le prestaremos ulterior atención porque, en todo caso, la moción de reconsideración será denegada.

La moción final de reconsideración discute ocho puntos de error. En cuanto al primero, a saber, que los actos realizados por el tutor con el consentimiento del consejo de familia no constituían una transacción, no vemos motivo alguno para variar o ampliar la discusión contenida en nuestra opinión original.

El segundo punto es que este Tribunal erró al decir que era probable que los bienes de los menores valieran más que las deudas. Esto se manifestó por vía de argumento, pero no importa que nuestra suposición fuera o no errónea. El derecho a traspasar los bienes de los menores no dependía de la verdad real de esta suposición.

El tercer punto es uno que nos ha ofrecido una verdadera dificultad. Dijimos:

"Asumiendo que residiese en el tutor la facultad de transigir, resolvemos que ella no se extendía hasta la venta de bienes inmuebles sin subasta pública."

Necesariamente, si el consejo de familia tenía facultad para efectuar transacciones sin límite alguno, nada más era menester. Sin embargo, lo que tuvimos en mente fué que, en cualquier caso en que estuvieran envueltos bienes de menores, era precisa una venta judicial; que no podía efectuarse una transacción por un tutor con el consentimiento del consejo de familia si estaban envueltos bienes raíces a menos que tuviera efecto una venta judicial. No necesitamos insistir sobre este extremo porque la base principal de nuestra opinión fué que no hubo una transacción, según debe entenderse legalmente.

El cuarto punto queda abarcado por las consideraciones que anteceden.

En lo concerniente al quinto extremo, podemos decir que el registrador en un caso como el presente no tiene que entregarse a ningún análisis particular a no ser el de determinar si el traspaso acordado por el consejo de familia y designado como una transacción, fué en verdad tal transacción.

El sexto punto, relativo a si los apelantes son o no terceros, quedó suficientemente abarcado por nuestra opinión original, y no lo discutiremos extensamente. Estamos bastante convencidos de que si la enajenación proyectada no fué en realidad de verdad una transacción, no importaría que el consejo de familia así la hubiera caracterizado.

Los apelantes están muy en lo cierto al indicar que no discutimos la cuestión de prescripción, es decir, si ellos tenían un justo título y si había transcurrido el período estatutorio de diez o veinte años. Al tiempo de escribir la opinión estuvimos bastante convencidos de que la enajenación era absolutamente nula e ineficaz, de acuerdo con el caso de *Longpré* v. *Díaz,* 237 U.S. 512, 59 L. ed. 1080, y otros casos citados en la opinión. La naturaleza de la nulidad era tal que ningún título justo o *colorable* podía fundarse en el supuesto traspaso. De ser algo, el caso de una persona que descanse en el registro sería más fuerte que los derechos de los apelantes *in pais.* Fuera del registro, donde creemos debe resolverse un caso de justo título, los apelantes estaban obligados a saber que ningún justo título podía fundarse en esta enajenación de bienes de menores. En verdad, es muy difícil fundamentar un caso de justo título en que haya menores envueltos.

Hemos tenido algunas dudas respecto a si los apelantes, al igual que el Federal Land Bank of Baltimore, no debieron ser relevados del pago de las costas. Empero, la duda no es tan grande que nos haga decir que los menores contra

quienes se defiende un caso con tanta tenacidad, no tienen el privilegio de que se les concedan las costas. En otras palabras, no quisimos, ni queremos, intervenir en la discreción de la corte inferior sobre la materia.

*Debe declararse sin lugar la moción para desestimar la apelación, así como la moción para declarar sin lugar la reconsideración. La moción de reconsideración misma debe ser denegada.*

Los Jueces Asociados Señores Aldrey y Texidor disintieron en cuanto a la denegación de la moción para reconsiderar y están conformes con los demás extremos de la opinión y resolución.