Rosa, Monserrate, Rafaela, Rafaela Monserrate, Eduardo y Soledad Pérez Casalduc y Luisa Torres, demandantes y apelados, *v.* Manuel Díaz Mediavilla y su esposa Aciscla Vázquez y The Federal Land Bank of Baltimore, demandados y apelantes.

No. 4621.—*Sometido:* Mayo 4, 1931. *Resuelto:* Mayo 29, 1931.

*Francisco Parra Capó* y *López de Tord & Zayas Pizarro,* abogados de los esposos Díaz Mediavilla; *José R. Aponte,* abogado del Banco Federal; *E. Pérez Casalduc,* como abogado, por sí; y *M. García Méndez,* abogado de los otros apelados.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

En julio 18 de 1930 este tribunal confirmó una sen-

tencia dictada por la Corte de Distrito de Arecibo en el caso arriba titulado (41 D.P.R. 349). El 24 de julio los demandados y apelantes solicitaron prórroga para radicar una moción de reconsideración. Consiguientemente, el mandato fué retenido en esta corte. En agosto 9, 1930, se archivó una moción de reconsideración. Hubo una petición para enmendar la aludida moción, y la moción de reconsideración enmendada fué radicada aparentemente alrededor ·del 12 de agosto. En 5 de septiembre de 1930 los demandados y apelantes apelaron para ante la Corte de Circuito de los Estados Unidos para el Primer Circuito y se admitió el recurso. El 29 de octubre, 1930, los demandados y apelantes archivaron otra petición para enmendar su moción de reconsideración, y la moción enmendada fué archivada alrededor del 28 de octubre. En 20 de enero, 1931, se declaró sin lugar la moción de reconsideración. El 17 de abril de 1931 los demandados y apelantes presentaron un nuevo escrito de ape·-lación. En abril 21, 1931, los demandantes y apelados radi·caron una oposición a que se admitiera el recurso, el cual había sido solicitado el 17 del mismo mes y año.

La teoría de la oposición a que se concediera el recurso era que los apelantes sólo tenían derecho a una apelación y que cuando la Corte de Circuito de Apelaciones había adquirido jurisdicción, no se podía admitir ningún otro recurso.

En noviembre 26, 1930, la Corte de Circuito de Apelaciones tuvo ante sí el caso de *Saurí* v. *Saurí,* 45 Fed. (2nd) 90. La corte resolvió que una moción de reconsideración. presentada ante este tribunal suspendía el término para apelar. Dicha corte citó el caso de *Citizens Bank of Michigan City* v. *Opperman,* 249 U. S. 448, al efecto de que hasta que se resuelva una moción de reconsideración no podía considerarse definitiva una sentencia. De ahí se desprende necesariamente que el término para apelar solamente comienza desde el momento en que se resuelve una moción de reconsideración.

Tal vez podría surgir una duda al efecto de que ape-

lando, una parte abandona su moción de reconsideración. Las autoridades citadas resuelven lo contrario, mas en el presente caso la duda es disipada por los hechos ocurridos. Los demandados y apelantes, según demuestran los hechos ya expuestos, insistieron en su moción de reconsideración. Que la apelación no suspendió el derecho de este tribunal a considerar la moción de reconsideración, fué el criterio de esta corte al decidir la moción de reconsideración. 41 D.P.R. 734.

*Debe admitirse la apelación.*