MUNICIPIO DE GUÁNICA, representado por su Alcalde CLEMENTE J. RODRÍGUEZ CARLO, demandante y apelante, *v.* GENARO GARCÍA ET ALS., demandados y apelados.

No. 6623.—*Sometido:* Marzo 12, 1934. *Resuelto:* Marzo 23, 1934.

*Leopoldo Tormes García,* abogado del apelante; *E. Báez García,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

En octubre 17, 1933, la corte de distrito declaró sin lugar una solicitud para que se expidiera un auto preliminar de *injunction.* Esta resolución fué notificada a las partes el mismo día. El 24 de octubre se radicó una moción de reconsideración. Tres días más tarde se archivó el escrito de apelación. La moción de reconsideración fué declarada sin lugar el 5 de enero de 1934. Los apelados solicitan ahora la desestimación del recurso por ser prematuro.

Los apelados se basan en el caso de *Pérez Casalduc v. Díaz Mediavilla,* 42 D.P.R. 357, y en los casos allí citados. Para los fines de esta opinión podría admitirse que el término dentro del cual debe establecerse recurso de apelación contra ''una sentencia definitiva pronunciada en un pleito o procedimiento especial,'' a que se hace referencia en el inciso primero del artículo 295 del Código de Enjuiciamiento Civil, empieza a correr, en caso de que se presente oportunamente una moción de reconsideración, tan sólo después de haberse resuelto tal moción y desde el momento en que el secretario archiva copia del aviso de tal resolución enviado a la parte perjudicada.

La sentencia a que se hace referencia en el inciso primero es específicamente una sentencia final. Conforme dispone el inciso 3, las providencias y sentencias interlocutorias contra las cuales puede establecerse recurso de

apelación son providencias y sentencias que han sido "dictadas . . . y anotadas en el libro de actas de la corte o archivadas en la secretaría." Con anterioridad a la enmienda de 1911 (véase el Código de Enjuiciamiento Civil, edición de 1933, pág. 138), la apelación debía entablarse dentro de diez días de dictada la providencia o sentencia interlocutoria, o de archivada en la secretaría. De conformidad con la enmienda de 1911, se impuso al secretario el deber de enviar por correo a la parte perjudicada una notificación escrita informándole la resolución de la corte, y el término para establecer el recurso de apelación empieza ahora a correr desde la fecha del archivo de dicha notificación con los autos. Esta modificación en la ley no afectó en modo alguno la naturaleza de la providencia contra la cual podía establecerse una apelación. Ni antes ni después de la ley de 1911 hallamos prueba satisfactoria de intención legislativa al efecto de que una moción de reconsideración pendiente debe ser resuelta antes de perfeccionarse una apelación contra las resoluciones enumeradas en el inciso 3 del artículo 295.

*Debe declararse sin lugar la moción de los apelados.*