GRAN LOGIA DE DISTRITO DEL DISTRITO No. 41 DE LA GRAN ORDEN UNIDA DE ODD-FELLOWS EN AMÉRICA, Y LA LOGIA VÍCTOR ROJAS No. 9728, demandantes y apelantes, *v.* LOGIA VÍCTOR ROJAS, INC., demandada y apelada.

No. 6580.—*Sometido:* Junio 14, 1935. *Resuelto:* Julio 24, 1935.

*Pascasio Fajardo Martínez,* abogado de los apelantes; *Juan B. Soto y Juan F. Soto,* abogados de la apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

La parte demandada y apelada que no presentó alegato ni asistió a la vista del recurso, comparece ahora por nuevos abogados y pide la reconsideración de la sentencia de esta

Corte Suprema dictada el 27 de mayo último. Sostiene que a su juicio la demanda no aduce hechos suficientes para basar la sentencia de esta corte y que esta corte actuó sin jurisdicción.

La cuestión de jurisdicción se funda en que cuando la apelación se interpuso, ya había transcurrido el término que la ley señala y en que el escrito estableciéndola está redactado de tal modo que resulta ineficaz.

De los autos aparece que la sentencia recurrida se dictó el 13 de abril de 1933 y se notificó el 15, archivándose el escrito de apelación en junio 6, 1933.

Si éstos fueran los únicos hechos a considerar, tendría razón la parte demandada y apelada, pero como también de los autos aparece que la parte demandante dentro del término que tenía para apelar o sea en 13 de mayo de 1935 radicó una moción de reconsideración de la sentencia, moción que fué declarada sin lugar por la corte de distrito en mayo 18, 1935, la situación legal varía.

Esta Corte Suprema resolvió en el caso de *Rivera* v. *Medina et al.*, 28 D.P.R. 808, 811, y ratificó en el de *Rexach et al.* v. *Comisión de Indemnizaciones a Obreros*, 31 D.P.R. 17, 22, que "cuando el término dentro del cual debe interponerse la apelación ha vencido, el derecho a apelar no podrá ser revalidado por la radicación de una moción de reconsideración con el solo objeto de revivir cuestiones resueltas por sentencias definitivas."

Y más tarde, en el caso de *Pérez Casalduc* v. *Díaz Mediavilla*, 42 D.P.R. 357, 358, dijo y resolvió:

"En noviembre 26, 1930, la Corte de Circuito de Apelaciones tuvo ante sí el caso de Saurí v. Saurí, 45 Fed. (2d) 90. La corte resolvió que una moción de reconsideración presentada ante este tribunal suspendía el término para apelar. Dicha corte citó el caso de Citizens Bank of Michigan City v. Opperman, 249 U. S. 448, al efecto de que hasta que se resuelva una moción de reconsideración no podía considerarse definitiva una sentencia. De ahí se desprende

necesariamente que el término para apelar solamente comienza desde el momento en que se resuelve una moción de reconsideración."

Expresando luego en el de *Municipio de Guánica* v. *García,* 46 D.P.R. 397, 398, lo que sigue:

"Los apelados se basan en el caso de Pérez Casalduc v. Díaz Mediavilla, 42 D.P.R. 357, y en los casos allí citados. Para los fines de esta opinión podría admitirse que el término dentro del cual debe establecerse recurso de apelación contra 'una sentencia definitiva pronunciada en un pleito o procedimiento especial,' a que se hace referencia en el inciso primero del artículo 295 del Código de Enjuiciamiento Civil, empieza a correr, en caso de que se presente oportunamente una moción de reconsideración, tan sólo después de haberse resuelto tal moción y desde el momento en que el secretario archiva copia del aviso de tal resolución enviado a la parte perjudicada."

En tal virtud, habiéndose presentado la moción de reconsideración, vigente aún el término para apelar, y habiéndose archivado el escrito de apelación trece días después de resuelta dicha moción, siguiendo la decisión de la Corte de Circuito de Apelaciones citada en el caso de Pérez Casalduc, supra, y la de esta corte en el de Municipio de Guánica, supra, y sin apartarnos de lo resuelto en los casos de Rivera y Rexach, supra, debemos concluir que el término para apelar no había fenecido el 6 de junio de 1931 cuando la apelación se interpuso.

En cuanto al otro fundamento, bastará decir que la forma en que está dictada la sentencia fué la que llevó al apelante a redactar su escrito de apelación en la forma en que lo hizo. La sentencia declara la demanda con lugar y nulo el acuerdo de separación, pero por sus otros pronunciamientos no reconoce a las demandantes los derechos que reclaman y de hecho declara la demanda sin lugar. De ahí que la parte demandante pidiera la reconsideración de la sentencia y luego apelara creyéndose obligada en su escrito a explicar el alcance de su apelación.

En cuanto a las cuestiones de fondo que levanta la moción, nos atenemos a lo expuesto en la opinión que fundamenta la sentencia resolutoria del recurso.

*La moción debe ser declarada sin lugar.*

El Juez Asociado Sr. Córdova Dávila no intervino.