Petra, Eugenio y Emilio Dávila y Nicolasa Marrero, demandantes y apelados, *v.* Ofelia Collazo, demandada y apelante.

Núm. 7303.—*Sometido:* Mayo 14, 1936. *Resuelto:* Julio 30, 1936.

*Joaquín Vendrell* y *A. Quirós Méndez,* abogados de la apelante; *L. A. García del Rosario* y *M. A. García del Rosario,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR TRAVIESO, emitió la opinión del tribunal.

En 22 de enero de 1936, la Corte de Distrito de Arecibo dictó sentencia a favor de los demandantes. La demandada fué notificada y el aviso archivado el día 23 del mismo mes.

En 19 de febrero de 1936, o sea tres días antes de expirar el término de treinta días para la apelación ante esta Corte Suprema, la demandada radicó una moción sobre reconsideración de la sentencia. Dicha moción fué declarada sin lugar el mismo día de su radicación.

La resolución denegatoria de la reconsideración fué notificada a la demandada apelante en 20 de febrero, 1936, o sea dos días antes de expirar el término original para apelar.

En 24 de febrero, 1936, el escrito de apelación fué notificado a los demandantes, pero no fué radicado en la secretaría de la corte de distrito hasta marzo 17 del mismo año.

Los apelados solicitan la desestimación del recurso, alegando que esta corte carece de jurisdicción por haberse radicado el escrito de apelación después de haber expirado el término de treinta días que concede el artículo 295 del Código

de Enjuiciamiento Civil, ed.. de 1933; que dicho término no puede ser prorrogado por la presentación de una moción de reconsideración de sentencia, pues la ley escrita de Puerto Rico no autoriza, como cuestión de derecho, las mociones de reconsideración, las que van dirigidas a la discreción de la corte sentenciadora; que el término de treinta' días que para apelar concede la ley es un término jurisdiccional y fatal, fijado por acción legislativa, y que no puede ser extendido por decisión judicial; que las decisiones de este tribunal en *Gran Logia de Distrito* v. *Logia Víctor Rojas, Inc.*, 48 D.P.R. 914, y *Rodríguez* v. *Torres*, 48 D.P.R. 917, son en efecto *legislación judicial* a guisa de interpretación estatutaria; que la regla establecida por los estatutos federales no deben ser aplicables a las cortes de distrito insulares, especialmente si se tiene en cuenta que en Puerto Rico la radicación de un escrito de apelación no priva al tribunal sentenciador de conocer y resolver una moción de reconsideración de la sentencia apelada; que la doctrina de *Rodríguez* v. *Torres*, supra, no es aplicable al presente caso, pues la moción de reconsideración en el caso de autos fué declarada sin lugar, de plano, el mismo día de su radicación, por considerar la corte que dicha moción carecía. de fundamento; y que la moción de reconsideración podría a lo sumo suspender o detener el término para apelar, pero no debe en ningún caso tener el efecto de renovar el término.

La parte apelante sostiene que esta corte tiene jurisdicción sobre el caso porque la apelación fué interpuesta dentro de los treinta días siguientes a la fecha en que se le notificó la resolución declarando sin lugar la moción de reconsideración; que el efecto legal de la radicación de una moción sobre reconsideración de una sentencia es quitar a ésta el carácter de definitiva y hacerla inapelable, no volviendo a adquirir la sentencia el carácter de definitiva y apelable hasta que la corte dicta su resolución concediendo o denegando la reconsideración; y que la apelante en este caso tenía derecho a un nuevo término de treinta días, contado desde la fecha en

que se le notificó la denegación de la reconsideración, o sea desde el 20 de febrero de 1936.

██ La única cuestión legal que se nos presenta ha sido ya considerada y resuelta por esta Corte Suprema en varias de sus recientes decisiones, en las cuales los hechos eran idénticos o muy parecidos a los del presente caso.

Examinemos esas decisiones:

En el caso de *Pérez Casalduc* v. *Díaz Mediavilla,* 42 D.P.R. 357, se pidió la reconsideración de la sentencia de esta Corte Suprema que confirmaba la de la inferior. Después de radicada dicha moción los demandados apelaron para ante la Corte de Circuito. Después de admitido el recurso, los apelantes enmendaron su moción de reconsideración, y ésta fué declarada sin lugar. Los apelantes radicaron entonces un nuevo escrito de apelación. Los apelados se opusieron a la admisión del recurso. Esta corte admitió la apelación y dijo:

"En noviembre 26, 1930, la Corte de Circuito de Apelaciones tuvo ante sí el caso de *Saurí* v. *Saurí,* 45 Fed. (2d.) 90. La corte resolvió que una moción de reconsideración presentada ante este tribunal *suspendía* el término para apelar. Dicha corte citó el caso de *Citizens Bank of Michigan City* v. *Opperman,* 249 U. S. 448, al efecto de que hasta que se resuelva una moción de reconsideración no podía considerarse *definitiva* una sentencia. De ahí se desprende necesariamente que el término para apelar solamente comienza desde el momento en que se resuelve una moción de reconsideración.

" . . . Que la apelación no suspendió el derecho de este tribunal a considerar la moción de reconsideración, fué el criterio de esta corte al decidir la moción de reconsideración. 41 D.P.R. 734." (Bastardillas nuestras.)

En el de *Municipio de Guánica* v. *García,* 46 D.P.R. 397, esta corte se expresó así:

"Para los fines de esta opinión podría admitirse que el término dentro del cual debe establecerse recurso de apelación contra 'una sentencia definitiva pronunciada en un pleito o procedimiento especial,' a que se hace referencia en el inciso primero del artículo 295 del Código de Enjuiciamiento Civil, empieza a correr, en caso de

que se presente oportunamente una moción de reconsideración, tan sólo después de haberse resuelto tal moción y desde el momento en que el secretario archiva copia del aviso de tal resolución enviado a la parte perjudicada.''

Los hechos en *Municipio de Guánica* v. *García,* supra, eran algo distintos a los del caso de autos. Allí se dictó una resolución denegando un *injunction.* Siete días después se pidió la reconsideración. Tres días más tarde, y antes de que se resolviera la moción de reconsideración, el demandante apeló. Los demandados solicitaron la desestimación del recurso por considerarlo prematuro, basándose en la decisión de este tribunal en *Pérez Casalduc* v. *Díaz Mediavilla,* supra. Esta corte declaró sin lugar la moción de desestimación y dijo:

La sentencia a que se hace referencia en el inciso primero es específicamente una sentencia final. . .

''Ni antes ni después de la ley de 1911 hallamos prueba satisfactoria de intención legislativa al efecto de que una moción de reconsideración pendiente debe ser resuelta antes de perfeccionarse una apelación contra las resoluciones enumeradas en el inciso 3 del Artículo 395.''

Merece especial atención la decisión de esta Corte Suprema en *Saurí* v. *Saurí,* 39 D.P.R. 511. Se trataba de una demanda sobre partición de bienes. La Corte de Distrito de Ponce decretó la venta de los inmuebles, para dividir el producto entre los condueños; y ordenó el nombramiento de árbitros para proceder a la división. La sentencia fué notificada en octubre 25, 1924, a los demandados y éstos apelaron en 22 de noviembre de 1924, o sea 29 días después de la notificación. El apelado solicitó la desestimación del recurso, alegando que la sentencia es interlocutoria en cuanto se refiere a la división de los bienes y que la apelación debió haber sido interpuesta dentro de diez días después de dictada y registrada la sentencia, según lo provisto por el inciso 3 del artículo 295 del Código de Enjuiciamiento Civil. Se resolvió que la sentencia era una ''sentencia final'' y como tal ape-

lable dentro del término de treinta días, y se admitió el recurso. Visto éste, la corte confirmó la sentencia apelada, pero modificándola en algunos extremos. Y no conforme con dicha sentencia el demandante elevó el caso en apelación ante la Corte de Circuito de Apelaciones.

La Corte de Circuito al resolver el caso dijo:

"Este caso viene aquí en virtud de cuatro alegados errores. El primero y el segundo sostienen que la Corte Suprema erró al no decidir que la sentencia dictada por la Corte de Distrito era meramente interlocutoria y por tanto apelable solamente dentro de diez días. Esto puede ser resuelto brevemente. La sentencia de la Corte de Distrito fué dictada en octubre 24, 1924, pero se radicó una moción de reconsideración el 18 de noviembre de 1924, la que fué denegada el 21 de noviembre de 1924. La apelación fué interpuesta el día 22 de noviembre de 1924 y notificada el 24 de noviembre de 1924; de manera que, aun cuando la sentencia fuere interlocutoria, y no definitiva, la apelación fué interpuesta dentro de diez días. La moción de reconsideración suspendió el transcurso del tiempo concedido para la apelación. Citizens Bank v. Opperman, 249 U. S. 448, 450, 63 L. Ed. 701. Los errores 1 y 2 carecen de méritos." Véase: *Saurí* v. *Saurí*, 45 F. (2d) 90.

La Corte de Circuito, al considerar si la sentencia de la corte de distrito era definitiva como sostuvo esta Corte Suprema o si era interlocutoria como sostenía el apelante Saurí, decidió considerarla como interlocutoria, no teniendo en cuenta que si la sentencia era realmente interlocutoria la apelación debió interponerse dentro de los diez días siguientes al de octubre 24 de 1924; que cuando se radicó la moción de reconsideración, en noviembre 18, 1924, ya los diez días habían expirado; y que dicha moción de reconsideración no podía en ningún caso tener el efecto de revivir un término que había expirado quince días antes de la fecha de su radicación. En realidad, la apelación en *Saurí* v. *Saurí,* 39 D.P.R. 511, era sostenible solamente por tratarse de una sentencia definitiva, que había sido recurrida dentro de los treinta días que fija el inciso 1º. del citado artículo 395 del Código de Enjuiciamiento Civil.

La decisión de la Corte de Circuito en *Saurí* v. *Saurí*, supra, que ha sido aceptada por esta Corte Suprema como autoridad para sostener la doctrina de que la interposición de una moción de reconsideración de una sentencia, no solamente suspende o interrumpe el transcurso del tiempo fijado por la ley para apelar, sino que lo renueva para que empiece a contarse de nuevo desde la fecha en que se deniegue la reconsideración, está basada en dos decisiones de la Corte Suprema de los Estados Unidos, que debemos examinar cuidadosamente para fijar su significación y alcance.

En *Chicago G. W. R. R. Co.* v. *Basham*, 249 U. S. 164, se interpuso demanda ante una Corte de Distrito del Estado de Iowa, para recobrar daños y perjuicios por la muerte de una persona. La compañía demandada apeló a la Corte Suprema de dicho estado, la que confirmó la sentencia en noviembre 26, 1915. Se presentó una moción de reconsideración, que fué considerada y declarada sin lugar en abril 7, 1916. Más tarde se presentó una segunda moción de reconsideración, la que después de ser considerada, fué denegada en diciembre 18, 1916. El día 19 del mismo mes y año la demandada presentó una petición de apelación (*writ of error*) para ante la Corte Suprema de Estados Unidos, alegando que la orden y *sentencia final* que confirmó la de la corte de distrito, fué registrada por la Corte Suprema de Iowa el 18 de diciembre de 1916. La Corte Suprema federal dijo en su opinión:

"Creemos que ésta es una exposición correcta de la fecha efectiva de la sentencia que se trata de revisar. La sección 237 del Código Judicial, tanto antes como después de la enmienda de septiembre 6, 1916, autoriza la revisión por esta Corte solamente de la *sentencia definitiva* o decreto de la Corte más alta de un estado, en la que podía obtenerse la decisión del pleito. Es solamente aquella sentencia que marca el fin del curso del litigio en las cortes del Estado, la que está sujeta a nuestra revisión. Por consiguiente, sea cual fuere su forma de finalidad, si una sentencia está de hecho sujeta a reconsideración y revisión por la corte estadual de última instancia por medio de una petición de reconsideración, *y dicha petición es radi-*

*cada y recibida y considerada por dicha corte,* debemos aceptar que de acuerdo con la práctica prevaleciente en el Estado el pleito no ha sido llevado a una conclusión hasta que dicha petición sea resuelta, y hasta entonces la sentencia previamente rendida no puede ser considerada como una *sentencia definitiva* dentro del significado de la Ley del Congreso. Dijimos recientemente en un caso análogo: 'Si no fuese así, una sentencia de una corte estadual que pueda ser revisada por esta corte estaría, a pesar de ese deber, sujeta al mismo tiempo a la facultad de la corte estadual para revisar y revocar.' Andrews v. Virginia Ry. Co., 248 U. S. 272. Resulta que en el presente caso la sentencia de la Corte Suprema de Iowa no adquirió el carácter de 'sentencia definitiva' (*final judgment*) hasta diciembre 18, 1916. . ." (Bastardillas nuestras.)

La Corte Suprema Federal volvió a considerar nuevamente esta cuestión en el caso de *Citizens Bank* v. *Opperman,* 249 U. S. 448, 63 L. Ed. 701. Y dijo:

"Cuando una petición de reconsideración es tomada en cuenta (*entertained*), la sentencia no se convierte en definitiva para los propósitos de nuestra revisión hasta que dicha petición ha sido denegada o resuelta en cualquiera otra forma y el término de tres meses empieza a correr desde la fecha de tal denegación u otra resolución."

Por lo que acabamos de transcribir se ve que el más alto tribunal nacional ha llegado hasta el extremo de sostener, que una sentencia dictada por la corte más alta de un estado, cuya reconsideración se ha solicitado, no adquiere el carácter de definitiva para los fines de una apelación ante la Corte Suprema federal, hasta que se haya resuelto en una forma u otra la moción de reconsideración; y que el efecto de la radicación de tal moción no es meramente el de suspender el transcurso del término de apelación, sino el de conceder al apelante un término nuevo y completo, que deberá contarse desde la fecha en que se resuelva la moción de reconsideración.

Inspirándose en la decisión de la Corte de Circuito de Apelaciones en *Saurí* v. *Saurí,* supra, y en la doctrina establecida por el Tribunal Supremo en *Citizens Bank* v. *Opperman,* supra, esta Corte Suprema resolvió recientemente en

*Gran Logia, etc.,* v. *Logia Víctor Rojas, Inc.,* 48 D.P.R. 914, y en *Rodríguez* v. *Torres,* 48 D.P.R. 917, que cuando se presenta una moción de reconsideración, vigente aún el término para apelar, y la corte sentenciadora la toma en consideración y estudia sus méritos, el término para apelar queda en suspenso y comienza a correr de nuevo a partir de la resolución, de la moción. El efecto que estas decisiones dan a la moción de reconsideración, no es meramente el de suspender o interrumpir el término para la apelación mientras la corte dicta una resolución, sino el de conceder al apelante un término nuevo y completo, que deberá contarse a partir de la fecha en que la decisión sobre la moción sea notificada al apelante.

■■ Arguye la representación de los apelados que no existe precepto alguno en nuestras leyes procesales que autorice las mociones de reconsideración; que éstas han sido traídas a nuestra jurisdicción siguiendo la práctica de las Cortes de Equidad, que autoriza la moción para la reargumentación del caso *(rehearing)*; que en nuestras leyes locales la parte que no esté conforme con la sentencia tiene amplios remedios contra los errores que haya podido cometer la corte, tales como la apelación, la moción de nuevo juicio y los remedios autorizados por el artículo 140 del Código de Enjuiciamiento Civil; y que la revocación o concesión de un nuevo término para la apelación no está justificada, habida cuenta de que esta Corte Suprema ha sostenido en *Pérez Casalduc* v. *Díaz Mediavilla,* 41 D.P.R. 734, que una moción de reconsideración no priva a la corte inferior de jurisdicción para conocer de tal moción, aun después de radicado el escrito de apelación.

Conviene aclarar que en el caso de *Pérez Casalduc* v. *Díaz Mediavilla* los apelantes radicaron primero una moción para la reconsideración de la sentencia, y posteriormente, y antes de que esta Corte Suprema resolviera dicha moción, apelaron para ante la Corte de Circuito. Fué en esas condiciones que la misma Corte suscitó la cuestión sobre si una moción de

reconsideración queda o no anulada por una apelación posterior. Y esta Corte dijo:

"Parecería evidente que cuando se radica la moción de reconsideración la corte inferior conserva la jurisdicción con el fin de resolverla. Fué un asunto que llegó a este Tribunal antes de radicarse el escrito de apelación. Estamos además bastante convencidos de que, bajo estas circunstancias, una corte inferior no pierde su jurisdicción sobre una moción para reconsiderar por haberse concedido la apelación. *Saldaña v. Comas*, 41 D.P.R. 339."

En el caso de *Saldaña* v. *Comas*, 41 D.P.R. 339, esta corte fué aún más allá cuando dijo:

"En cuanto al tercer señalamiento de error, en el sentido de que lo fué el que la corte reconsiderara su resolución de 9 de julio de 1927, y dictara otra distinta, cuando los opositores habían ya apelado de la primera, no encontramos que tal error exista.

"El amplísimo precepto del Artículo 140 del Código de Enjuiciamiento Civil, faculta a las cortes para determinaciones de esa clase."

El objeto principal de una moción de reconsideración es dar una oportunidad a la corte que dictó la sentencia o resolución cuya reconsideración se pide, para que pueda enmendar o corregir los errores en que hubiere incurrido al dictarla. El artículo 140 del Código de Enjuiciamiento Civil (Ed. 1933) concede a la corte la facultad de eximir a cualquier persona de los efectos de una sentencia u orden dictada contra ella por equivocación, inadvertencia, sorpresa o excusable negligencia; y es por medio de la moción de reconsideración que la parte perjudicada puede conseguir que la corte modifique su fallo.

Es cierto que el alcance y el efecto que se ha atribuído a la interposición de la moción para reconsiderar una sentencia, por la jurisprudencia que hemos citado, se presta a prácticas dilatorias por parte de los litigantes perdidosos, interesados en posponer indefinidamente la ejecución de la sentencia. Y es esta corte la primera en reconocer la necesidad de alguna medida legislativa que corrija el mal que hemos señalado y que defina en términos inequívocos el pro-

cedimiento para obtener la reconsideración de las sentencias o resoluciones dictadas por los tribunales insulares y el efecto y alcance que debe tener la radicación de una moción de reconsideración.

Mientras la Legislatura no tome acción sobre el particular, esta Corte Suprema se considerará obligada a seguir la jurisprudencia sentada por la Corte de Circuito en *Saurí* v. *Saurí,* supra.

Habiéndose interpuesto el recurso en este caso, dentro de los treinta días siguientes a la fecha en que se declaró sin lugar la moción de reconsideración, debemos declarar que fué interpuesto oportunamente y que *la moción de desestimación debe ser declarada sin lugar.*

El Juez Asociado Señor Córdova Dávila no intervino.