Elisa Campos Delgado, Angelita, Fernando y José Antonio González Campos, demandantes, apelados y apelantes, *v.* Central Cambalache, Inc., y Juan González Campos, demandados, apelados y apelante la primera.

Núm. 8815.—*Sometido:* Enero 20, 1944. *Resuelto:* Diciembre 14, 1944.

294

*A. Reyes Delgado, P. Santos Borges* y *Luis Mercader,* abogados de los demandantes, apelantes y apelados, aquí peticionarios; *G. Zeno Sama* y *Francisco M. Cadilla,* abogados de la Central Cambalache, Inc.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

En el presente caso la sentencia apelada de la Corte de Distrito de Arecibo fué revocada por esta Corte el 28 de julio de 1944. El 5 de agosto los demandantes solicitaron la retención del mandato para presentar moción de reconsideración y se les concedió hasta el 19 de agosto para radicar la moción de reconsideración, lo cual hicieron. No habiéndose resuelto la moción de reconsideración por hallarse esta Corte en vacaciones, radicaron los demandantes su escrito de apelación para ante la Corte de Circuito de Apelaciones de los Estados Unidos para el Primer Circuito el 26 de septiembre de 1944, y el mismo día presentaron la fianza para costas. Como la fecha para radicar el *transcript* del récord vencía el 25 de noviembre, los apelantes pidieron el 18 de noviembre prórroga para radicarlo, y se les concedieron treinta días a partir del 25 de noviembre, los cuales vencerán el 25 de diciembre de 1944.

■■ Es regla casi universalmente aceptada que desde el instante en que queda perfeccionada la apelación, la jurisdicción que sobre la causa tenía la corte inferior se transfiere a la corte de apelación. Desde ese momento la corte inferior no puede resolver una moción de reconsideración que estuviere pendiente ante ella. *Keyser* v. *Farr,* 105 U. S. 265; *Hovey* v. *McDonald,* 109 U. S. 150; *Ackel* v. *Ackel,* 110 P. (2d) 238, 133 A.L.R. 549, 554; Monografía, 10 A.L.R. 526, 575; *Miller* v. *United States,* 114 F. (2d) 267; *Schram* v. *Safety Inv. Co.,* 45 F. Supp. 636; 4 Fed. Rules Serv. 946 y casos citados.

De conformidad con la número 10 de las Reglas de la Corte de Circuito de Apelaciones de los Estados Unidos para

el Primer Circuito, que regula las apelaciones de la Corte Suprema de Puerto Rico para ante dicha corte y que es sustancialmente una copia de la número 73 de las Reglas Federales de Procedimiento Civil, la apelación queda perfeccionada desde el momento en que se radica en esta corte el escrito de apelación. Como la moción de reconsideración fué radicada el día 19 de agosto de 1944 y el escrito de apelación el 26 de septiembre siguiente, desde esta última fecha la Corte Suprema de Puerto Rico perdió su jurisdicción sobre este caso y por consiguiente está impedida de resolver la moción de reconsideración.

La misma doctrina rige en las apelaciones de las cortes de distrito insulares para ante esta Corte Suprema, conforme se ha resuelto en el día de hoy en el caso de *Guilhon & Barthelemy* v. *Corte,* pág. 303.

En el caso de *Pérez Casalduc* v. *Díaz Mediavilla,* 42 D.P.R. 357, resuelto con anterioridad a la vigencia de la Regla 10 antes mencionada, se sostuvo por este tribunal que una moción de reconsideración radicada el 9 de agosto de 1930, pendiente en esta Corte al tiempo de ser permitida la apelación establecida para ante la Corte de Circuito de Apelaciones, o sea el 5 de septiembre de 1930, no era afectada por la apelación interpuesta y que esta corte conservaba su jurisdicción para resolverla. La opinión en el caso de *Pérez Casalduc* v. *Díaz Mediavilla,* supra, debe ser revocada, pues de conformidad con la ley que regía antes de aprobarse la citada Regla número 10, la apelación quedó perfeccionada al ser permitida el 5 de septiembre de 1930, y desde ese momento esta Corte perdió su jurisdicción para resolver la referida moción.

*Por las razones expuestas, procede denegar la moción de reconsideración.*